IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KELLY HARRIS,

Plaintiff,

vs.

PALM BEACH INTERNAL
MEDICINE, LLC, a Florida
Corporation, RUPESH DHARIA,
an individual, and SAMI DHARIA,
an individual.

Defendant.
________________________________/

**COMPLAINT FOR DAMAGES**

Plaintiff, KELLY HARRIS, sues Defendants, PALM BEACH INTERNAL MEDICINE, LLC, RUPESH DHARIA, and SAMI DHARIA, and shows:

**Introduction**

1. This is an action by KELLY HARRIS against her former employers for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

**Jurisdiction**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, KELLY HARRIS, (hereinafter "HARRIS") a resident of Palm Beach County, was at all times material, employed by PALM BEACH INTERNAL MEDICINE, LLC,

as a Medical Secretary, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with PALM BEACH INTERNAL MEDICINE, LLC, was engaged in commerce or in the production of goods for commerce. To wit: HARRIS, on a daily basis, several times throughout the day, communicated via telephone, e-mail and facsimile with health insurance companies outside of Florida to confirm coverage, payment and approval of services for Defendant's patients. In addition, HARRIS, on a regular and recurrent basis, would communicate via telephone with patients who resided outside the state of Florida to discuss scheduling appointments with patients.

5. Defendant, PALM BEACH INTERNAL MEDICINE, LLC, (hereinafter, "PALM BEACH"), is a Florida Profit Corporation doing business in Palm Beach County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the office where HARRIS was employed. At all times pertinent to this Complaint, PALM BEACH operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and PALM BEACH obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Defendant, RUPESH DHARIA (hereinafter "RUPESH"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant PALM BEACH.

7. Defendant RUPESH acted and acts directly in the interests of Defendant PALM BEACH, in relation to its employees. Thus RUPESH was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8. Defendant, SAMI DHARIA (hereinafter "SAMI"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant PALM BEACH.

9. Defendant SAMI acted and acts directly in the interests of Defendant PALM BEACH, in relation to its employees. Thus SAMI was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of FLSA by Defendant PALM BEACH – Overtime**

10. Plaintiff, KELLY HARRIS, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

11. Since on or about October 2007, up to and including January 30, 2013, defendant PALM BEACH has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically HARRIS, since October 2007, has worked in excess of 40 hours a week nearly every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

12. The failure to pay overtime compensation to HARRIS is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

13. PALM BEACH's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and HARRIS's status as non-exempt, but chose not to pay her in accordance with the Act.

14. HARRIS is entitled pursuant to 29 U.S.C. § 216(b), to recover from PALM BEACH:

a. All unpaid overtime that is due;

b. As liquidated damages, an amount equal to the unpaid overtime owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, KELLY HARRIS, prays that this court will grant judgment against defendant PALM BEACH:

a. awarding HARRIS payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

b. awarding HARRIS an additional equal amount as liquidated damages;

c. awarding HARRIS her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

**Count II –Violation of FLSA by Defendant RUPESH – Overtime**

15. Plaintiff, KELLY HARRIS, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, 6 and 7 above.

16. Since on or about October 2007, up to and including January 30, 2013, defendant RUPESH has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing

employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically HARRIS, since October 2007, has worked in excess of 40 hours a week nearly every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

17. The failure to pay overtime compensation to HARRIS is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

18. RUPESH's actions were willful and purposeful as she was well aware of the Fair Labor Standards Act and HARRIS's status as non-exempt, but chose not to pay her in accordance with the Act.

19. HARRIS is entitled pursuant to 29 U.S.C. § 216(b), to recover from RUPESH:

a. All unpaid overtime that is due;

b. As liquidated damages, an amount equal to the unpaid overtime owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, KELLY HARRIS, prays that this court will grant judgment against defendant RUPESH:

a. awarding HARRIS payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

b. awarding HARRIS an additional equal amount as liquidated damages;

c. awarding HARRIS her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

**Count III –Violation of FLSA by Defendant SAMI – Overtime**

20. Plaintiff, KELLY HARRIS, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 4, 8 and 9 above.

21. Since on or about October 2007, up to and including January 30, 2013, defendant SAMI has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically HARRIS, since October 2007, has worked in excess of 40 hours a week nearly every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

22. The failure to pay overtime compensation to HARRIS is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

23. SAMI's actions were willful and purposeful as she was well aware of the Fair Labor Standards Act and HARRIS's status as non-exempt, but chose not to pay her in accordance with the Act.

24. HARRIS is entitled pursuant to 29 U.S.C. § 216(b), to recover from SAMI:

a. All unpaid overtime that is due;

b. As liquidated damages, an amount equal to the unpaid overtime owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, KELLY HARRIS, prays that this court will grant judgment against defendant SAMI:

a. awarding HARRIS payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

b. awarding HARRIS an additional equal amount as liquidated damages;

c. awarding HARRIS her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

**Jury Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated: April 5, 2013
Plantation, Florida

Respectfully submitted,

/s/***Robert S. Norell***

Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
James P. J. Pagni, Esq. (Fla. Bar No. 99598)
E-Mail: james@floridawagelaw.com
ROBERT S. NORELL, P.A.
7350 NW 5th Street
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff KELLY HARRIS